UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA COHODAS,<br><br>               Plaintiff,<br><br>   v.<br><br>THE CONTINENTAL INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C22-1561-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE |

      This matter comes before the Court on two motions: Defendant Continental Insurance Company's motion for partial summary judgment and Plaintiff Samantha Cohodas's motion for a continuance under Federal Rule of Civil Procedure 56(d). Dkt. Nos. 29, 31. The Court has considered the parties' briefing[1] and the supporting documents in the record, and heard oral argument on both motions on November 15, 2023. For the reasons provided below, the Court grants in part and denies in part Continental's motion for partial summary judgment and denies Cohodas's motion for a Rule 56(d) continuance.

---

[1] This Order refers to the Parties' briefing using the CM/ECF page numbers.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 1

## I. BACKGROUND

This is an insurance dispute arising from Continental's alleged mishandling of Cohodas's claim for underinsured motorist ("UIM") coverage.

In November 2014, Continental issued an insurance policy ("Policy") to Pro Golf Discount, Inc. that provided up to $1,000,000 in UIM coverage. Dkt. No. 12 ¶ 2.1, Dkt. No. 30-1 at 4. On April 24, 2015, Cohodas was a front-seat passenger in a vehicle covered under the Policy when another driver caused a collision. Dkt. No. 12 ¶¶ 2.9–2.13. The at-fault driver's insurance policy had a $100,000 policy limit. *Id.* ¶ 2.16.

On April 11, 2018, Cohodas (through counsel) informed Continental that she was seeking UIM coverage under the Policy. Dkt. No. 38-3. The parties continued to communicate about the claim. Dkt. Nos. 38-5–38-10. During these communications, Continental agreed that Cohodas could accept the third-party policy limits (Dkt. No. 38-7 at 2) and Cohodas informed Continental that her claim for UIM coverage would be for full policy limits (Dkt. No. 38-8 at 1).

On April 1, 2021, Cohodas sent a 95-page demand letter to Continental seeking payment of the full $1,000,000 UIM policy limits. Dkt. No. 38-1. This letter demanded a response within 20 days and notified Continental that Cohodas demanded arbitration pursuant to the Policy if Continental did not agree to full payment. *Id.* at 94. Continental did not respond. *See* Dkt. No. 29 at 6, Dkt. No. 37 at 5. On July 14, 2021, after moving to compel arbitration and again receiving no response from Continental, King County Superior Court Judge Regina Cahan granted Cohodas's motion and ordered Continental to arbitrate. Dkt. No. 38-18. Nearly a month later, on August 6, 2021, Continental's attorney entered a notice of appearance in the King County case. Dkt. No. 38-17. On August 31, 2021, Cohodas submitted a second demand for payment of the policy limits. Dkt. No. 38-19. Discovery revealed that Continental ignored at least five emails from its counsel seeking to discuss a response to Cohodas's second policy limits demand. Dkt.

Nos. 38-20–38-24.  On September 10, 2021 (the deadline provided in the second demand), Continental emailed Cohodas's counsel asking about mediation and a medical evaluation but did not otherwise respond to the policy limits demand.  Dkt. No. 38-25.  Four days later, Cohodas responded and agreed to mediation and the medical examination.  Dkt. No. 38-26.

Over the next 13 months, neither mediation nor the medical examination occurred. Continental claims that during this period, "[i]n preparation for the arbitration, scheduled for November 7, 2022, Continental requested copies of Ms. Cohodas's medical records and retained a medical expert to evaluate Ms. Cohodas's alleged injuries." Dkt No. 29 at 6–7; *see also* Dkt. No. 42 at 8.  Cohodas's evidence adds more color to what occurred, or more accurately did not occur, during this time.  *See* Dkt. Nos. 38-2 (claim log), 38-27–38-32 (communications between party counsel and arbitrators), 38-36–38-41 (communications between legal support staff).  For example, Continental's claim notes show various increases to the estimated value of Cohodas's claim (Dkt. No. 38-2 at 7–8, 10, 14, 21), yet nothing was communicated (or offered) to Cohodas. The same claim notes show multiple spans of several months when Continental took no substantive action on the claim at all.  *See* Dkt. No. 38-2 at 14–21.  Though Continental claimed it used this period to retain an expert to evaluate Cohodas's injuries, the evidence indicates that Continental's only investigation consisted of an evaluation of Cohodas's medical records, dated October 14, 2022.  Dkt. No. 30-6.  This evaluation appears to have been based on the same medical records that Cohodas provided in April 2021, nearly 18 months before.  Dkt. No. 38-39.  Continental offers no contrary evidence, nor explanation for its failure to investigate the claim or review Cohodas's medical records before October 2022.

On October 7, 2022, Cohodas submitted her prehearing statement in the arbitration proceeding.  Dkt. No. 38-46.  On October 13, 2022, Cohodas filed this case, alleging five causes of action: breach of duty of good faith and fair dealing, breach of contract, violation of the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 3

Washington Consumer Protection Act ("CPA"), breach of fiduciary duties,[2] and negligence. Dkt. No. 1-1.[3] The next day, on October 14, 2022, Continental tendered the full $1,000,000 policy limits to Cohodas. Dkt. No. 38-45.

Cohodas filed an amended complaint on December 2, 2022, adding a sixth cause of action under Washington's Insurance Fair Conduct Act ("IFCA"), Section 48.30.015 of the Revised Code of Washington. Dkt. No. 12 ¶¶ 3.39–3.64.

Continental filed this motion for partial summary judgment seeking to have Cohodas's IFCA and breach of contract claims dismissed. Dkt. No. 29. Cohodas seeks to continue Continental's motion for partial summary judgment under Federal Rule of Civil Procedure 56(d) until after certain depositions take place. Dkt. No. 31. The Court will address each motion in turn.

## II.  ANALYSIS

The Court has diversity jurisdiction in this matter. *See* Dkt. No. 1 at 2–3, Dkt. No. 12 ¶ 1.3. "[F]ederal courts sitting in diversity apply state substantive law." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015).

### A. Continental's Motion for Partial Summary Judgment Is Granted as to the Breach of Contract Claim and Denied as to the IFCA Claim.

To dismiss Cohodas's breach of contract and IFCA claims on summary judgment, Continental must show "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. The court must view the evidence in the light

---

[2] After Continental moved to have the breach of fiduciary duty claim dismissed (Dkt. No. 29 at 14), Cohodas agreed to withdraw that claim (Dkt. No. 37 at 2).
[3] This case was initially filed in state court in King County but was removed to this Court on the basis of diversity jurisdiction. Dkt. No. 1.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 4

most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

> 1. <u>Cohodas's breach of contract claim must be dismissed because she cannot prove damages.</u>

Continental asks the Court to dismiss Cohodas's breach of contract claim for two reasons. Dkt. No. 29 at 13–14. First, Continental argues it satisfied its explicit or implicit obligations under the contract by paying policy limits. *Id.* at 13. Cohodas responds that Continental's failure to investigate the claim is nonetheless a breach of the insurance contract and a breach of the implied duty of good faith. Dkt. No. 37 at 27–28. Second, Continental argues that Cohodas cannot prove the damages element of her contract claim because an insured can recover only up to policy limits for a breach of contract and the parties agree policy limits have been paid. Dkt. No. 29 at 14. Cohodas responds that the breaches "forced her to incur expenses that she never would have incurred" and that Washington allows insureds to recover attorneys' fees and costs in addition to policy limits. Dkt. No. 37 at 28. Because the second argument is dispositive, the Court limits its discussion to Cohodas's damages and does not address whether Cohodas has identified a breach of the contract.

Because all parties agree that full policy limits have been paid, the Court must decide whether amounts sought in excess of policy limits can support the damages element of Cohodas's breach of contract claim. *See Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant."). The Court concludes they cannot. Continental is correct that Washington law limits an insured's actual damages for a breach of contract action against its insurer to the policy limits. *Polygon N.W. Co. v. Am. Nat'l Fire Ins. Co.*, 189 P.3d 777, 789 (Wash. Ct. App. 2008) ("Washington law does not,

in fact, force insurers to pay for losses that they have not contracted to insure."); *Tribble v. Allstate Prop. & Cas. Ins. Co.*, 139 P.3d 373, 376 (Wash. Ct. App. 2006) ("Because Tribble's UIM policy limit was $50,000, Allstate is contractually obligated to pay only up to that amount, irrespective of a jury award in excess of that amount."). The parties do not dispute that Continental has paid the policy limits. Dkt. No. 38-45.

While Cohodas is correct that Washington law allows insureds to recover attorneys' fees in addition to policy limits, it is irrelevant to whether she can meet the damages element of her contract claim. *See Tribble*, 139 P.3d at 376–78 (separately analyzing attorney fee award where contract damages were capped at policy limits); *see also Little v. King*, 198 P.3d 525, 527 (Wash. Ct. App. 2008) (allowing post-judgment interest in addition to policy limits judgment). The Court does not consider attorneys' fees or other post-success-on-the-merits remedies to meet the damages element of the underlying breach of contract claim. Adopting such an analysis would obviate the need to prove damages as an element for a contract breach because merely bringing a lawsuit, and thus incurring attorneys' fees, would suffice. *See, e.g.*, *Formulatrix, Inc. v. Rigaku Automation, Inc.*, 344 F. Supp. 3d 410, 426 (D. Mass. 2018) (explaining that entitlement to attorneys' fees is "a collateral matter to be determined following adjudication of the relevant claims and is not an element of breach of contract damages" (cleaned up)).

The unpublished authority cited by Cohodas does not suggest otherwise. *See Ratty v. Progressive Direct Ins. Co.*, No. 84061-4-I, 2023 WL 3171545 (Wash. Ct. App. May 1, 2023). In *Ratty*, the insurer paid full policy limits after several years of litigation, then moved to dismiss the plaintiff's breach of contract claim because the insured had "received the full benefit of the contract." *Id.* at *2. The court granted the insurer's motion, but allowed Ratty to petition for attorneys' fees, ultimately awarding them under *Olympic S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991), and principles of equity. *Ratty* does not hold that a breach of contract action

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 6

can survive without proving contract damages, which is what Cohodas asks this Court to allow here.  Rather, *Ratty* stands for the unremarkable proposition that under Washington law, an insured "should not have to bear the burden of her legal action to obtain the benefits of the insurance contract." 2023 WL 3171545, at *2.  Ratty was awarded attorneys' fees because her insurer paid policy limits only after several years of litigation during which her insurer refused to pay.  But Ratty did not prevail on her breach of contract claim once full limits were paid, and neither can Cohodas.[4]

In sum, because Cohodas has received policy limits and has no right to any additional contract damages, her breach of contract claim fails.

2. Continental's payment of policy limits does not defeat Cohodas's IFCA claim.

Continental also moves for summary judgment on Cohodas's IFCA claim.  IFCA provides a private right of action for first-party claimants who are "unreasonably denied a claim for coverage or payment of benefits by an insurer." Wash. Rev. Code § 48.30.015(1).  Cohodas has alleged that multiple aspects of Continental's claims handling constitute a denial of coverage or benefits, including Continental's failures to respond to Cohodas's demands, failure to respond to Cohodas's motion to compel arbitration, and failure to investigate or take any action to adjust Cohodas's claim.  Dkt. No. 12 at 15–18.  Continental asks this Court to hold that these allegations notwithstanding, an IFCA claim can never survive if the insurer has paid the full policy limits, regardless of the insurer's actions, inactions, or delay before such payment.  Dkt. No. 29 at 9–12.

The parties agree that the Washington Supreme Court has not decided whether an IFCA claim can survive after policy limits are paid.  Dkt. No. 37 at 25, Dkt. No. 42 at 10.  Thus, this

---

[4] Cohodas's additional unpublished authority does not impact this analysis. *See* Dkt. No. 49 (citing *Rybacki v. Progressive Cas. Ins. Co.*, No. 84676-1-I, 2023 WL 8544775 (Wash. Ct. App. Dec. 11, 2023)).  In *Rybacki*, the UIM insurer never made a policy limits payment so the court did not analyze the effect of such a payment on IFCA or breach of contract claims, the crux of the analysis here.  *See id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 7

Court looks to Washington appellate court decisions. Two such decisions indicate that Washington law permits an IFCA claim even after a policy limits payment. In *Leahy v. State Farm Mutual Automobile Insurance Co.*, 418 P.3d 175 (Wash. Ct. App. 2018), the insured sued State Farm for UIM coverage, a jury found in her favor, and State Farm paid policy limits. *Id.* at 180. The insured then "amended her complaint to add extracontractual claims against State Farm," including an IFCA claim. *Id.* The trial court dismissed the extracontractual claims on summary judgment. *Id.* But the Washington Court of Appeals reversed and allowed the insured's extracontractual claims, including the IFCA claim, to continue because there were "genuine issues of material fact whether State Farm's refusal to pay UIM benefits was reasonable." *Id.* at 184–85.

Further, the Washington Court of Appeals recently affirmed a trial court ruling that an insurer's "failure to pay its policy limits after the confirmation of the arbitration award constituted a violation of IFCA as a matter of law," even after the insurer ultimately paid the policy limits. *Traulsen v. Cont'l Divide Ins. Co.*, No. 82507-1-I, 2023 WL 2859337, at *6–9 (Wash. Ct. App. Apr. 10, 2023), *review denied*, 534 P.3d 800 (Wash. 2023). Like *Leahy*, *Traulsen* weighs against adopting Continental's proposed rule in so far as *Traulsen* suggests that the timing and circumstances surrounding the payment of benefits, even when policy limits are ultimately paid, may constitute an unreasonable denial of coverage or benefits prohibited by the statute.

The parties cite no other persuasive Washington authority suggesting that the Washington Supreme Court would adopt Continental's bright line rule prohibiting an IFCA claim in all cases after a policy limits payment. Even this District's courts are split on the issue. *Compare Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 4017893, at *8 (W.D. Wash. Sept. 2, 2022) ("[A]n IFCA claim for denial of payment 'cannot survive' when the insurer ultimately pays the claimant's full demand."), *and Kenco Constr., Inc. v. Hartford Fire Ins. Co.*, No. 2:19-CV-01000-RAJ, 2020 WL 1433738, at *4 (W.D. Wash. Mar. 24, 2020) (collecting cases), *with Reverse*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 8

*Now VII, LLC v. Oregon Mut. Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30, 2018) ("While Oregon Mutual contends that there can be no unreasonable denial because it has paid all amounts due and owing under the policy, whether it acted reasonably prior to and during the appraisal process is a question of fact for the jury." (cleaned up)), *and Gochev v. First Am. Prop. & Cas. Ins. Co.*, No. C22-159-MLP, 2023 WL 6290062, at *5–6 (W.D. Wash. Sept. 27, 2023) (noting the insurer paid policy limits and denying the insurer's motion for summary judgment while stating, "[t]his Court has recognized, in the IFCA context, that 'a refusal to pay a demand for coverage reasonably promptly is an unreasonable denial of benefits, even if only temporary'"), *and Bennett v. Homesite Ins. Co.*, 636 F. Supp. 3d 1267, 1274 (W.D. Wash. 2022) ("So while Homesite ultimately made payment for the loss as determined by the appraisal, there remains a dispute of material fact as to whether it nonetheless violated IFCA by unreasonably refusing to promptly make payment for this or any other covered loss."), *and Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2016 WL 3681469, at *19–20 (W.D. Wash. July 6, 2016) (finding a delay in a policy limits payment for personal property unreasonable under IFCA), *and Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.*, No. C14-1443RAJ, 2015 WL 3473465, at *6 (W.D. Wash. June 2, 2015) (denying motion to dismiss IFCA claim where insured alleged delayed payment constituted denial of claim for coverage or payment of benefits).

Notwithstanding this mixed authority, Continental argues that Cohodas's claim is not actionable because, at most, its delay in payment was occasioned by an ongoing dispute over the value of the claim, as evidenced by the arbitration proceedings. Dkt. No. 29 at 12. Invoking *Young* and other decisions from this District, Continental claims that a delay caused by a dispute in value can never amount to an actionable denial of payment under IFCA so long as policy limits are ultimately paid. *Id.* Even assuming Continental is correct, the cases Continental cites for this

proposition involve the evidence that is lacking here—namely, evidence of a good faith dispute. For example, in *Young*, the record reflected hotly contested estimates, refused inspections, and ongoing communication between the insured and insurer. *Young*, 2022 WL 4017893, at *3–4. Similarly, the court in *Country Preferred* dismissed an IFCA claim only after analyzing extensive evidence that showed the insurer "*reasonably* disputed the amount." *Country Preferred Ins. Co. v. Hurless*, No. C11-1349RSM, 2012 WL 2367073, at *6 (W.D. Wash. June 21, 2012) (emphasis added). While the other federal cases cited by Continental do not detail the precise contours of the interactions that preceded the delayed payments, in each case, the insurer paid the insured's demand after some level of adjudication of the claim, reflecting an actual dispute over its value. *See Kenco* 2020 WL 1433738, at *1 ("lengthy trial"); *Neyens v. Am. Fam. Mut. Ins. Co.*, No. C12-1038JLR, 2012 WL 5499870, at *1 (W.D. Wash. Nov. 13, 2012) ("eight months of arbitration")[5]; *Hann v. Metro. Cas. Ins. Co.*, No. 12-5031 RJB, 2012 WL 3090977, at *3–4 (W.D. Wash. June 29, 2012) (reasonableness hearing and appeal); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. C12-1505-JCC, 2013 WL 12107577, at *1 (W.D. Wash. Jan. 29, 2013) (jury trial).

Here, by contrast, Continental offers no evidence that there was in fact a "good faith dispute" over the value of Cohodas's claim. Rather, in opposition to Continental's motion, Cohodas proffers evidence that Continental took no action on the claim in response to her demands (Dkt. No. 38 ¶¶ 36, 38, 65, 66), made no offers (Dkt. No. 38-11 at 15–16), and did not dispute Cohodas's injuries or demand at any point (Dkt. No. 38 ¶¶ 36, 39, 48). And Continental provides no evidence to the contrary. That Continental was ordered in absentia to participate in arbitration after failing for months to respond to Cohodas's arbitration demands is not sufficient evidence of a good faith dispute over the value of the claim. *See* Dkt. No. 29 at 6, Dkt. No. 37 at 5, Dkt. No.

---

[5] Unlike here, the arbitration was completed. *See* Am. Compl., *Neyens*, No. C12-1028JLR (W.D. Wash. June 22, 2012), Dkt. No. 11-5 at 9–12.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 10

38-18.  Moreover, the arbitration never happened because Continental opted to pay the full claim on the eve of trial, after this suit was filed.  Dkt. No. 38 ¶ 57; Dkt. Nos. 38-44, 38-45, 38-49.

Accordingly, at this stage, and considering the evidence in the light most favorable to Cohodas, the Court cannot find that Continental's delay in payment was due to a good faith dispute over the value of Cohodas's claim such that the payment of policy limits is a categorical bar to her IFCA claim.  Thus, there are genuine issues of material fact as to whether Continental unreasonably denied coverage or benefits by virtue of its handling of Cohodas's claim, including its delay in payment.  Continental's motion for partial summary judgment on Cohodas's IFCA claim is therefore denied.

### B. Cohodas's Motion for Rule 56(d) Continuance Is Denied.

Cohodas asks the Court to delay ruling on Continental's motion for partial summary judgment until she "can take the depositions she has requested (and scheduled) and obtain her expert's opinions." Dkt. No. 31 at 2.  Under Rule 56(d), a court may defer, delay, or deny a motion for summary judgment when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

The Court denies Cohodas's motion for a Rule 56(d) continuance as to Continental's motion for partial summary judgment on the breach of contract claim because Cohodas's contract claim fails as a matter of law, and no additional facts could resuscitate this claim.

Because the Court denies Continental's motion for partial summary judgment on the IFCA claim, no additional facts are necessary to oppose summary judgment. Thus, Cohodas's Rule 56(d) motion with respect to this claim is denied as moot.

### III. CONCLUSION

For the above reasons, the Court DENIES Cohodas's motion for Rule 56(d) continuance. Dkt. No. 31.

The Court further GRANTS IN PART AND DENIES IN PART Continental's motion for partial summary judgment. Dkt. No. 29. Cohodas's breach of contract claim is dismissed with prejudice.

Dated this 14th day of February, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR A RULE 56(D) CONTINUANCE - 12