THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SAMANTHA COHODAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTINENTAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | No. 2:22-cv-01561-KKE<br><br>MOTION TO EXCLUDE OPINIONS OF CONTINENTAL'S EXPERT, JULIA MOLANDER<br><br>NOTED FOR HEARING: MAY 17, 2024 |

### I.  INTRODUCTION

Defendant The Continental Insurance Company ("Continental") retained Julia Molander ("Molander") as an expert to opine regarding whether Continental followed the standard of care for handling an underinsured motorist's ("UIM") claim in Washington State. But Molander is just a vehicle for Continental to offer the same unfounded theories that this Court has already ruled were unsupported by any evidence.

The majority of Molander's opinions are irrelevant to any issue in controversy. They further lack foundation, are based on improper speculation, contravene Washington law, and constitute improper legal conclusions. The Court should exclude Molander's opinions that do not satisfy Federal Rule of Evidence 702 and will not be helpful to the trier of fact—here the Court—on any issue before it.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 1
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

## II. STATEMENT OF FACTS

The facts regarding this case are summarized in the Court's Order on Continental's Motion for Partial Summary Judgment (Dkt.51) and Plaintiff's Motion for Partial Summary Judgment ("MPSJ")(Dkt. 59), filed simultaneously with this Motion. There is no dispute as to any genuine issue of material fact in this case. Molander does not dispute the facts and even testified regarding Davenport's "mistakes" stating:

> …Cindy Davenport did not properly communicate with counsel for Ms. Cohodas after she received the settlement demand of April 1, 2021; [she] did not communicate well with her counsel after he was appointed, failed to communicate back to him regarding the second settlement demand of August 2021; and she failed to communicate within the period of time of September 2021 to March or April of 2022—March of 2022, and she—**thus violated Continental's standards**. She was not keeping on top of things. She could be well criticized for not doing this. Why she didn't do this? I don't know… and no one knows. She says she doesn't know, and **these lapses absolutely violated Continental's standards and also violated the regulations in terms of communication or lack thereof**.[1]

Notwithstanding these undisputed facts, Molander offers irrelevant and inadmissible opinions that seek to rewrite the facts and retroactively justify Continental's failures. Molander's objectionable opinions are too many for this limited motion, but the main issues are outlined below.

## III. EVIDENCE RELIED UPON

Plaintiff relies upon her MPSJ (Dkt.59) and supporting Declaration of Kari I. Lester (Dkt.60), Declaration of Geoff J. Bridgman, and pleadings on file.

## IV. ARGUMENTS AND LEGAL AUTHORITY

**A. Rules Regarding Expert Testimony.**

Pursuant to Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," provided:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

[1] See Bridgman Decl., **Ex. B**, Molander Deposition ("Dep."), 94:20:-95:19.

PLAINTIFF'S MOTION TO EXCLUDE OPINIONS OF JULIA MOLANDER - 2
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

     (b)    the testimony is based on sufficient facts or data;

     (c)    the testimony is the product of reliable principles and methods; and

     (d)    the expert has reliably applied the principles and methods to the facts of the case.

"Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Federal Rule of Evidence 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). "Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case.'" *Id.* Reliability "requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Id.* "Rule 702 demands that expert testimony...does not include unsubstantiated speculation and subjective beliefs." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

Where the testimony concerns "non-scientific" issues, the reliability inquiry "depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). The expert must provide a methodological nexus between their experience and their conclusions. See *Erwin v. OBI Seafoods, LLC,* 2024 WL 553697, at *3 (W.D. Wash. Feb. 12, 2024). And the court must assure that the expert's methods are adequately explained in determining if the methods are reliable. *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002)(citing Fed.R.Evid. 702 advisory committee's note (2000). The reliability analysis is "a malleable one tied to the facts of each case," and "district courts are vested with 'broad latitude' to 'decide *how* to test an expert's reliability' and '*whether or not* an expert's relevant testimony is reliable.'" *Ruvalcaba-Garcia,* 923 F.3d at 1189 (citations omitted).

"It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharmaceuticals, Inc.,* 89 F.3d 594, 598 (9th Cir.1996). Admissibility of the expert's

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 3
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

proposed testimony must be established by a preponderance of the evidence. *See Daubert,* 509 U.S. at 592 n. 10 (citation omitted).

**B.    The Court Should Exclude Molander's Opinions That Are Contrary to and/or Fail to Address Controlling Administrative Code Provisions, Are Irrelevant, and/or Constitute Legal Conclusions.**

First, while Molander's report indicates she is "familiar" with the Washington state regulations and statutes regarding fair claims practices, her opinions ignore the application of those provisions.[2] And although Molander admitted during her deposition that the Washington Administrate Code ("WAC") regulations provide the standard of care for insurance companies in the State of Washington,[3] her report is devoid of any reference to them. Whether that is because Molander is ignorant of these provisions,[4] or because the relevant regulations are unfavorable to Continental, her failure to address them in her report is fatal to her opinions. Molander's opinions regarding Continental's compliance with standards for claims handling lack foundation and should be excluded—particularly where they conflict with the WACs.  For example:

- Molander admits that "Davenport did not respond to the demand, or a subsequent one, in direct contravention of CNA's established policies."[5] She nevertheless asserts there was no time limit that required her to do so[6] and "[t]he failure to respond to th[e] [April 1, 2021] demand did not ultimately affect payment of the policy limits."[7] These opinions conflict with WAC 284-30-360 and WAC 284-30-330(2)(5)(6)(7)(13)[8];

---

[2] Bridgman Decl., **Ex. A**, Molander Expert Report ("Report"), p. 2.

[3] Dep.,15:2-9.

[4] See, e.g., Dep.,15:14-19.

[5] Report, pp.7-8; Dep.,28:23-29:21; 32:15-20; 36:12-37:17; 45:7-10; 67:23-68:16; 87:5-15;

[6] Report, p.8. In her deposition. Molander confirmed that she is not aware of regulations governing timing requirements for communications from an insured, a pivotal issue here.  See e.g.,22:3-23:4.

[7] Report, p.9 FN 2; Dep.,32:15-33:14.

[8] Continental's many violations of these WACs are more thoroughly outlined in Plaintiff's MSPJ. Dkt.59, pp.21-25.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 4
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

- Molander admits that the standard of care requires an insurer to complete its investigation within 30 days and Continental did not complete its investigation in that amount of time,[9] yet she opines that Continental was not obligated to complete its investigation within 30 days[10] because causation was an implied issue and Plaintiff did not provide her physicians' declarations until October 7, 2022. Not only does such an assertion improperly shift the burden to Plaintiff to investigate her own case, but it also conflicts with WAC 284-30-370, 380, and WAC 284-330(3)(4) and the evidence in this case.[11]

Second, Molander opines on irrelevant issues that Plaintiff is not claiming in this case[12] to deflect from Continental's violations of the standard of care. Molander's suggestions that Continental's irrelevant prior actions[13] and/or belated efforts to pay its policy limits[14] remedy its prior breaches and violations are contrary to law and should be excluded. *City of Seattle v. Monsanto Co.,* 2023 WL 4014294, at *6 (W.D. Wash. June 15, 2023)(citations omitted)(expert testimony is relevant if it "logically advance[s] a material aspect of the party's case.")

Third, Molander impermissibly opines Continental's conduct was "reasonable." "While an expert witness may testify that an insurer deviated from industry standards on the issue of bad faith, [s]he may not reach an actual legal conclusion that the insurer did so." *United States Fid. & Guar. Co. v. Ulbricht,* 576 F. Supp. 3d 850, 857–58 (W.D. Wash. December 21, 2021)(citation omitted). "Accordingly, expert witnesses have been permitted to 'discuss the industry standards and whether [the insurer's] actions conformed with those standards,' but are prohibited from opining 'on the

---

[9] Dep.,24:2-4; 25:16-26:9; 61:6-16.

[10] Dep.,61:17-25.

[11] See argument, *infra*.

[12] See e.g., Report at pp.6-7 (Davenport's communications and actions prior to her receipt of the April 1, 2021 demand "met industry standards"); p.8 (retention of Smith met the "custom and practice of the insurance industry"); p.10 (retention of Dr. Kenyon "met the industry custom and practices of handling UIM claims").

[13] "I think that it's very important to place, in any event, the context here that, in fact, the six years of claims handling the preceded that did meet industry standards." Dep.,48:18-49:6; see also 57:22-58:6.

[14] Report, p.14.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 5
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

reasonableness' of the insurer's actions...where the extra-contractual claim at issue "rests on the question of whether [d]efendant acted reasonably." *Ulbricht*, 576 F. Supp. 3d 858 (citing *Liu v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 717540, at *3-4 (W.D. Wash. Feb. 24, 2021)).

The following opinions—which are primarily found in Molander's conclusions but account for virtually the entirety of her opinions must be excluded:

- "Continental **reasonably** relied on Smith's misrepresentations." p. 11;
- "Continental Acted **Reasonably** in Paying Ms. Cohodas the Full $1 Million Policy Limits …" p. 11;
- "In my opinion, **Continental acted reasonably and in good faith** in committing to pay policy limits..." p. 14;
- "In my opinion Continental's overall approach to handling the Cohodas claim for UIM benefits was **reasonable**." p. 14;
- "Continental **reasonably** retained a competent law firm, and **reasonably** relied on counsel to retain a medical expert to evaluate Ms. Cohodas's symptoms…" p. 14.
- "Continental **reasonably** paid the full policy limits." p. 14
- "Continental…could not have **reasonably** suspected that its counsel was not performing work as represented." p. 14.

C. **The Court Should Exclude Molander's Opinions Regarding Causation and/or Plaintiff's Medical Records.**

Molander's report asserts that "causation" was at issue.[15] She arrives at this unfounded conclusion based upon Cohodas's counsel initiating arbitration once Continental failed to respond to Plaintiff's demand for coverage and benefits, which Molander asserts is "customary" to indicate uncertainty about an insured's position on causation.[16] The only thing that Continental's failure to respond to Plaintiff's demand reasonably meant was that Continental was denying her claim.

---

[15] Report, p.2,¶3.

[16] Report, pp.2, 8, 11-12.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 6
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

Molander testified that "there was an issue as to the causation and as to the type of medical condition that resulted from th[e] accident," and this implied issue justified Continental's failure to complete its investigation within 30 days as required by WAC 284-30-370.[17] Setting aside Molander's invitation to ignore the clear WAC regulations that required Continental to conduct a timely investigation, Molander admits Continental never advised Plaintiff or her counsel of this "implied issue."[18] Instead, Molander relies on conjecture that "it would be reasonable to *assume* that [causation] was, in fact, the sole issue involved in the case"[19] and bootstraps that onto the legally incorrect opinion that "the issue of causation would not need to be explicitly stated…"[20]

Continental cannot use an "expert" to generate a baseless inference of disputed causation. There is no exception in Washington law that allows an insurer to escape liability because the insured should "infer" or "assume" that the insurer's ignoring its insured means it is disputing their damage claims. Even if Continental subjectively questioned causation, it needed to timely investigate Plaintiff's claim to have a basis in fact for such a dispute. WAC 284-30-370.[21] Moreover, when Continental belatedly sought an expert review, the expert—Dr. Christi Kenyon—acknowledged Plaintiff as an egg-shell Plaintiff whose symptoms were still likely caused by the collision regardless of the POTS diagnosis.[22]

After speculating that Plaintiff should have "inferred" or assumed" that Continental was challenging causation, Molander then improperly relies upon *her* review and analysis of Plaintiff's medical records and Pre-hearing Statement of Proof and accompanying physician declarations to claim causation was an issue.[23]  It is ironic that Continental's expert in this case is doing the work

---

[17] Dep.,24:17-21.

[18] Dep.,84:25-85:5. Molander sought to avoid admitting this indisputable fact before finally admitting no evidence supported her conclusion. See Dep.,63:16-64:1; 64:18-66:7; 66:8-12; 67:1-15; 70:10-71:22; 71:23-73:20; 72:21-73:1; 73:10-74:10; 84:25-85:5; 85:6-25.

[19] Dep.,73:10-74:10 (Emphasis added).

[20] Dep.,85:16-18.

[21] See Dkt.59, pp.23-25.

[22] Dkt.60, **Ex. 2**-CIC001066.

[23] Report, pp.12-13; Dep.,87:16-20.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 7
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

Continental was obligated to do years ago when it received Plaintiff's Demand. But she cannot attribute the same to Continental, and Molander's opinions based on her own records review are not admissible.

Additionally, Molander is not a medical expert and cannot opine on Plaintiff's medical condition, her medical records, or causation. See *Bancroft v. Minnesota Life Ins. Co.,* 329 F. Supp. 3d 1236, 1249-1250 (W.D. Wash. 2018), *aff'd,* 783 Fed. Appx. 763 (9th Cir. 2019)(excluding party's insurance practices expert whose opinions were based in large part upon expert's analysis of the Plaintiff's medical records and physician opinions); *Dragos v. Cornea*, 2021 WL 9122243, at *4 (W.D. Wash. Aug. 26, 2021)(excluding expert's testimony on basis of relevance and that expert was improperly attempting to testify regarding medical causation).

Further, Molander's opinions that the medical records demonstrate causation was an issue suffer the fatal flaw that neither Davenport, nor her supervisors, *ever* reviewed any of Plaintiff's medical records to be able to make any determination about causation.[24] Continental's counsel also did not obtain Plaintiff's medical records until July of 2022, 11 months after he was assigned the case and those were the same records Plaintiff provided with her April 1, 2021 demand.[25] The only evidence that Smith relayed any discussion regarding causation with Davenport was when he advised her of Dr. Kenyon's oral opinions on August 3, 2022 in a phone call.[26] Similarly, Molander cannot claim that Continental needed Plaintiff's physician declarations to confirm causation when Continental never advised Plaintiff that there was an issue with causation, or that it required anything other than the 95-page demand and 2,300-plus pages of records Plaintiff's counsel provided.[27]

---

[24] Dep.,86:1-4. Dkt.60, **Ex. D, Walter Strait** Deposition ("**Strait**"), 76:22-77:1-7, 102:3-11; **Ex. E,** Heather Henderson Deposition ("**Henderson**"), 43:17:25; **Ex. F,** Brad **Barton** Deposition ("**Barton**"), 52:1-54-10; Cindy Davenport Dep., ("**Davenport**"),36:25-38:24; 69:18-25; 73:20-74:4.

[25] Dkt.60, **Ex. C**, Paul Smith Deposition ("**Smith**"), 22:15-23:14; 2417-25:24; 26:14-18; 71:7-73:21; 73:22-74:5; 76:11-77:17.

[26] **Smith**, 63:6-14.

[27] **Strait**, 84:7-10, 92:12-22.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 8
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

Molander also opines that "[r]egardless of the gaps in communication in the adjustment process, and the failures of defense counsel, there is no indication that Ms. Cohodas's doctors and lawyers could have provided that linkage any sooner than they did."[28] But when asked what her basis for such a speculative assertion was, she testified that she did not know.[29]

Expert opinions must be based on facts which enable the expert to express a reasonably accurate conclusion, as opposed to conjecture or speculation. Rule 702; *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142 (E.D. Wash. 2009). This Court has already found that there was no evidence of a good faith dispute by Continental regarding Plaintiff's injuries and damages. Dkt. 51, p. 10. Molander's opinions regarding causation issues or disputes, as well as her review of Plaintiff's medical records, and any related opinions or testimony should be excluded.

**D.  The Court Should Exclude Molander's Opinions Regarding the Timing of Plaintiff's Provision of Her Complete Records.**

Molander's report and testimony maligns Plaintiff's counsel and suggests that counsel's provision of medical records with a complete demand package—versus in a piecemeal fashion—somehow excuses Continental's misconduct in this case.[30] In rendering such opinions, Molander goes one step further and states that Plaintiff's counsel "chose not to share the records during this two and a half year time period and showed no urgency in doing so."[31] She then testified that Plaintiff's counsel "with[e]ld" records and failed to respond to Continental's communications,[32] and that there "was a gap in responsiveness on the part of Ms. Lester…That does go into my evaluation of the claim altogether."[33] These statements are unsupported by the record and are false. Plaintiff's counsel responded to every communication from Continental and continually apprised Davenport that

---

[28] Report, p.14.

[29] Dep.,91:3-6.

[30] Dep.,55:18-24.

[31] Report, p.7.

[32] Dep.,52:1-8.

[33] Dep.,50:6-7.

PLAINTIFF'S MOTION TO EXCLUDE  
OPINIONS OF JULIA MOLANDER - 9  
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.  
701 Fifth Avenue, Suite 5600  
Seattle, Washington 98104-7045  
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

Plaintiff was still in active treatment and she would provide the records when they were all obtained.[34] And, as admitted by Molander, when Davenport received all of Plaintiff's medical records on April 1, 2021, Davenport did not bother to even review them; nor did anyone else employed at Continental.[35]

Expert opinions must be based on the evidence. An expert's testimony may be excluded where it is based on subjective beliefs or unsupported speculation which is no more than unreliable *ipse dixit* guesswork. *See General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)(trial court may properly exclude *ipse dixit* opinions where "there is simply too great an analytical gap between the data and the opinion proffered"); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir.2002) (affirming exclusion of *ipse dixit* testimony of plaintiff's expert that was not based upon objective, verifiable evidence).

There is no claim in this case (nor could there be) that the decision to provide Continental all of Plaintiff's records at once, instead of in a piecemeal fashion, in any way excuses Continental from complying with its obligations to timely acknowledge, respond, and investigate Plaintiff's claims. And no one from Continental testified that Plaintiff's provision of her medical records with her comprehensive demand package, versus in dribs and drabs along the way, in any related to their failures to respond to or timely investigate Plaintiff's Demand. The absurdity of Molander's suggestion is further highlighted by the fact that even when Continental received all of Plaintiff's medical records, it simply ignored them.[36]

In short, any of Molander's opinions regarding Plaintiff's counsel's actions prior to sending the Demand are factually incorrect and irrelevant to any issue in controversy in this case and should be excluded.

---

[34] See Dkt.60, **Exs. 3-4, 6- 9.**

[35] Dep.,51:3-52:8; 53:25; 84:20-24.

[36] Dep.,51:3-52:8.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 10
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

E.  **The Court Should Exclude Molander's Opinions Suggesting Continental is Not Liable for Davenport's Conduct.**

Molander seeks to segregate Davenport from Continental by stating that "Continental unfortunately was not aware of the demand,"[37] insinuating that Davenport alone was "hiding" the Demands from her supervisors, thus somehow negating Continental's liability. She goes as far as saying "in my review of this matter, I do not believe that management [Continental] made failures in the handling of this claim and the[re was] appropriate supervision," praising Continental for its "extraordinary level of competence in installing a computerized system in 2022," which ultimately discovered that Ms. Davenport had not been responsive.[38]

First, Davenport is an agent of Continental, and her failures or faults are indistinguishable from Continental. It is well established that "'[a]n insurance company is bound by all acts, contracts, or representations of its agent, whether general or special, which are within the scope of his real or apparent authority.'" *Chi. Title Ins. Co. v. Office of Ins. Comm'r*, 178 Wn.2d 120, 135-36 (2013)(citation and internal quotations omitted); see also *Pain Diagnostics & Rehab. Assocs. v. Brockman*, 97 Wn. App. 691, 697 (1999)(discussing when a principal is subject to liability for harm caused by agent's failure to perform duties); *Greene v. St. Paul-Mercury Indem. Co.*, 51 Wn.2d 569, 573 (1958)(applying test for determining if employee is acting in the course of their employment). *Keodalah v. Allstate Ins. Co.,* 194 Wn.2d 339, 353 (2019)(unfair claims practices are chargeable against the insurer, not the adjuster).

Second, whether there is a computer system in place or not is irrelevant and Molander has no foundation to even opine regarding the same.[39] As set forth in Plaintiff's MSPJ,[40] Davenport's

---

[37] Dep.,59:8-14 ("Continental did not know about the demand. The only person at Continental who knew about the demand was Cindy Davenport…")  See also Dep.,56:20-24 ("Continental had no knowledge of these billings and payments, except that they were, in fact, given to Ms. Davenport.")

[38] Dep.,44:8-25.

[39] Report, p. 4 (Molander—without any foundation applauds Continental's "cutting edge tool.")

[40] See Dkt.59, pp.9-17.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 11
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

managers did nothing more than prompt her to revisit her reserves. They did not review the claim file where Plaintiff's ignored demands were there to be seen. Davenport's managers' ignorance of her failures is simply not credible.[41] Additionally, there is no evidence—nor did anyone from Continental testify—that Davenport hid the existence of Plaintiff's Demands. Any speculation by Molander as to such should also be excluded.

As Davenport is an agent of Continental, her actions are those of Continental's and Molander's suggestions otherwise should be excluded.

### F. The Court Should Exclude Molander's Opinions Suggesting Continental is Not Liable for Smith's Additional Delays.

Molander notes in her report that Continental's counsel's failure to retain an expert for nine months despite having received permission was "shocking."[42] She further insinuates that Continental's hired counsel, Paul Smith, versus Continental, is somehow liable for Continental's failure to timely investigate Plaintiff's UIM claim and obtain Plaintiff's medical records, opining, "…his misrepresentations and concealments violated his duty to Continental. Continental reasonably relied on Smith's representations, and it could not have been foreseeable to Continental that its outside counsel from a reputable firm would not be truthful about the work he was performing."[43]

The Court should remember that Continental committed bad faith long before it retained Smith by it ignoring Plaintiff's first Demand, ignoring Plaintiff's Demand for arbitration, and failing to take any action whatever to investigate Plaintiff's demand. Continental compounded its bad faith when it ignored Plaintiff's Second Demand and failed to respond to Smith's *five* attempts to get direction from Continental on how to respond. It was only after Continental had *twice* ignored demands from its insured that it asked Smith to retain an expert. If Continental needed an expert, it needed to make that decision within 30 days of receiving the demand as part of its obligation to

---

[41] Dep.,46:25-47:9.

[42] Report, p.9.

[43] Report, p.11.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 12
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

timely investigate Plaintiff's claim. Smith's admitted failure to promptly retain an expert occurred long after Continental had denied Plaintiff's claim for payment of benefits and coverage based upon its failures to respond and already-committed bad faith and CPA violations.

Moreover, Smith was not hired to adjust Plaintiff's claim but to represent Continental in the arbitration matter.[44] Continental's corporate representative (Walter Strait), Brad Barton (Davenport's manager until July 1, 2022), and Davenport all testified that Continental does not outsource its claim adjustment to counsel.[45] Even Molander admitted that they could not do so.[46] Continental—not Smith—was responsible for acknowledging, responding to, evaluating, and investigating Plaintiff's claim. If Davenport required more information or more time to evaluate and investigate Plaintiff's claim, she was obligated to inform Plaintiff (through Plaintiff's counsel) herself or instruct Smith to do so. She never did, and when Smith sought Davenport's authority for this very issue, she ignored him.[47] Davenport also admitted that if Smith did something wrong, that does not excuse Continental.[48] When asked if Davenport appropriately monitored Smith, even Molander admitted that "she could have communicated better with defense counsel."[49] In fact, between September 21, 2021 and until she was prompted by a supervisor two levels up (Heather Henderson) in April of 2022, Davenport took no action to follow up with Smith regarding the status of his receipt of any expert opinions—an almost seven month gap in time.[50]

Further, Smith's failure to retain Dr. Kenyon for nine months after Davenport authorized him to do so does not negate Continental's liability—it only compounds it. Likewise, Smith's mistakes— (i) in his billing records[51] (which Davenport admitted she never reviewed[52]); and (ii) in believing that

---

[44] Dkt.60, **Ex. 84**, No. 1 (p.7) and No. 5 (p.10); **Strait**, 63:19-64:4.

[45] **Strait**,65:8-14; 171:24-25-172:1-4; **Barton**, 24:9-15; **Davenport**, 35:6-25.

[46] Dep.,76:1-10.

[47] Dkt.59,pp.6-7.

[48] **Davenport**, 54:24-55:3.

[49] Dep.,1-4.

[50] **Davenport**, 59:24-60:20, 62:23-25; **Strait**, 148:20-149:1; Dkt.60, **Ex. 2**-CIC001072-1073; See Dkt.59, pp.9-14.

[51] **Smith**,71:7-73:21.

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 13
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

his paralegal was working to obtain Plaintiff's records and Dr. Kenyon's opinions and those were forthcoming,[53] which he then mistakenly conveyed to Davenport—does not aid Continental's defense in this case.

Smith, as Continental's retained counsel is Continental's agent, and Continental is subject to liability for the failure of its agent to perform their duty. "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990)(citing *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34 (1962). Molander admitted that the issue of agency is not one that she addressed, and she could not say whether or not Smith was acting as Continental's agent.[54]

Significantly, there are also no claims against Paul Smith in this case. He is not a third-party defendant, Continental has withdrawn any empty-chair affirmative defenses,[55] and it has not otherwise attributed independent fault to him. Any opinions or testimony by Molander that allude to separate liability on the part of its counsel, Paul Smith, must be excluded.

## V. CONCLUSION

Under *Daubert*, this Court should reject Continental's attempt to introduce speculative and conclusory opinions that are not supported by and/or are irrelevant to the evidence and claims in this case under the guise of expert testimony.

///

///

///

---

[52] **Davenport**,70:17-19.

[53] **Smith**,22:15-23:14; 2417-25:24; 26:14-18; 71:7-73:21; 76:11-77:17.

[54] Dep.,59:23-60:10.

[55] See Dkt.60, **Ex. 83**; **Ex. 84**, Supp. Answer to Rog. 6, Continental withdrew its Affirmative Defenses except for Numbers 2 (failure to state a claim), 9 (Plaintiff may have failed to provide material evidence and/or information in a timely manner), and 12 (Plaintiff's claims based upon IFCA are barred).

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 14
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

1 | Dated this 2nd day of May, 2024.

2 | OGDEN MURPHY WALLACE, P.L.L.C.

By: *s/ Kari I. Lester*
*s/ Geoff Bridgman*
Kari I. Lester, WSBA #28396
Geoffrey J. Bridgman, WSBA #25242
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Telephone: 206.447.7000
Fax: 206.447.0215
E-mail: klester@omwlaw.com
E-mail: gbridgman@omwlaw.com
Attorneys for Plaintiff Samantha Cohodas

*I certify that this memorandum contains 4,199 words in compliance with the Local Civil Rules.*

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 15
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}

# **CERTIFICATE OF SERVICE**

I certify under the laws of the State of Washington that on the 2nd day of May, 2024, I served the foregoing document on counsel below by the method indicated:

| | |
|---|---|
| Anthony Todaro, WSBA #30391<br>Lianna Bash, WSBA #52598<br>DLA PIPER LLP (US)<br>701 Fifth Avenue, Suite 6900<br>Seattle, WA 98104-7029<br>Telephone: (206) 839-4800<br>Fax: (206) 839-4801<br>Email: anthony.todaro@us.dlapiper.com<br>          lianna.bash@us.dlapiper.com<br><br>*Attorneys for Defendant* | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]  CM/ECF |

DATED this 2nd day of May, 2024 at Seattle, Washington.

By  */s/ Kari I. Lester*
         Attorney

PLAINTIFF'S MOTION TO EXCLUDE
OPINIONS OF JULIA MOLANDER - 16
2:22-cv-01561-KKE

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7045
Tel: 206.447.7000/Fax: 206.447.0215

{KIL4873-2077-1770;7/00999.089726/}