UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA COHODAS,<br><br>              Plaintiff,<br><br>   v.<br><br>THE CONTINENTAL INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. C22-1561-KKE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION |

Defendant The Continental Insurance Company's ("Continental") moves for reconsideration of the Court's order denying Continental's motion for summary judgment on Plaintiff Samantha Cohodas's claim under the Washington Insurance Fair Conduct Act ("IFCA") (Dkt. No. 51), or in the alternative, moves for certification to the Washington Supreme Court. Dkt. No. 52. The Court denies the motion for reconsideration because Continental fails to identify any errors in this Court's order beyond simply disagreeing with the outcome. And the Court denies the motion for certification because the proposed question would not dispose of the claim.

## I.  BACKGROUND

This case is an insurance dispute arising from Continental's alleged mishandling of Cohodas's claim for underinsured motorist ("UIM") coverage. The Court previously recounted the details of the insurance contract ("Policy"), and the timeline of the parties' actions from Cohodas's April 11, 2018 notification to Continental that she was seeking UIM coverage to

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION - 1

Continental's October 14, 2022 policy limits payment. *See* Dkt. No. 51 at 2–4.  Relevant here is that after submitting her policy limits demand and receiving no response (Dkt. No. 29 at 6, Dkt. No. 37 at 5), Cohodas was forced to move to compel arbitration and to obtain a default judgment against Continental (Dkt. No. 38-18), and that Continental only paid policy limits (Dkt. No. 38-45) after over a year of pre-arbitration proceedings and receiving Cohodas's prehearing statement (Dkt. No. 38-46).

Continental moved to dismiss the IFCA claim on summary judgment arguing that once policy limits are paid, an IFCA claim cannot survive as a matter of law because the statute only recognizes denials of benefits or coverage, not mere delays.  Continental further argued that even if delays in payment are actionable, no such delay existed here because the parties had a good faith dispute over the value of the claim. *See generally* Dkt. No. 29 at 9–12, Dkt. No. 42 at 9–12.  After briefing and oral argument, the Court denied Continental's motion on the IFCA claim, holding: "[T]he Court cannot find that Continental's delay in payment was due to a good faith dispute over the value of Cohodas's claim such that the payment of policy limits is a categorical bar to her IFCA claim." Dkt. No. 51 ("Order") at 11.

Continental now seeks reconsideration of that holding or, in the alternative, to certify the question to the Washington State Supreme Court.[1]  Dkt. No. 52.  As ordered by the Court (Dkt. No. 55), Cohodas filed a response to both parts of Continental's motion (Dkt. No. 56), and Continental filed a reply as to the motion for certification (Dkt. No. 58).

---

[1] The only cause of action at issue on reconsideration is Cohodas's IFCA claim, although the Order also addressed Cohodas's claim for breach of contract.  *See* Order at 5–7.

## II.  ANALYSIS

**A.  The Motion for Reconsideration Is Denied.**

"Motions for reconsideration are disfavored" and will generally be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).  The term "manifest error" means "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Error*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Continental argues the Court committed manifest error in three ways.  As detailed below, none supports reconsideration.

First, Continental argues the Court failed to analyze IFCA's statutory text because IFCA claims can only arise from denials of coverage or benefits, not delays in payment.  Dkt. No. 52 at 2–4.  Continental's motion misunderstands the central premise of the Order.  The question addressed in the Order is not: are delays in payment always actionable under IFCA?  To the contrary, Cohodas acknowledges (as did the Court) that generally, delays in payment alone are not actionable after full policy limits have been paid.  But that proposition is not dispositive of the question posed by Continental's motion for summary judgment, which was whether solely by virtue of its policy limits payment, was Cohodas's IFCA claim categorically barred?  To answer this question, rather than ignore the statutory language as alleged, the Order looked to IFCA's text and Washington case law to evaluate whether the acts alleged by Cohodas could ever constitute "a denial of coverage or benefits[.]"  Dkt. No. 51 at 7.  The Court concluded that fact issues precluded judgment for Continental on this issue.  *See id.* at 11 ("Thus, there are genuine issues of material fact as to whether Continental unreasonably denied coverage or benefits by virtue of its

handling of Cohodas's claim, including its delay in payment."). The Court properly analyzed the statutory text.

Second, Continental argues that the Order renders meaningless the twenty-day notice and cure period set forth in Section 48.30.015(8) of the Revised Code of Washington . Dkt. No. 52 at 4–5. As a threshold matter, Continental did not include this argument in its underlying briefing, only raising it at oral argument. *See* Dkt. No. 48 at 5–8 (Continental's raising the argument at oral argument), 31 (Cohodas's statement at oral argument that this issue had not been briefed). Thus, the Order did not consider this argument. *Sheet Metal Workers Int'l Ass'n Loc. 66 v. Northshore Exteriors Inc.*, No. C19-1261JLR, 2020 WL 7641238, at *8 (W.D. Wash. Dec. 23, 2020) ("It is inappropriate to present a new argument at oral argument and deny the court and opposing counsel a chance to review the merits of such an argument." (cleaned up)). The Court will, again, not consider this argument on reconsideration as neither the Court, nor Cohodas, have had the benefit of full briefing. *Carroll v. Nakatini*, 342 F.3d 934, 945 (9th Cir. 2003) (holding a party may not seek reconsideration of a judgment "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").[2] Moreover, Cohodas alleges that she informed Continental of her intent to bring an IFCA claim a year prior to the policy limits payment. Dkt. No. 56 at 7; *see* Dkt. No. 38-19 (Cohodas's August 31, 2021 letter stating "We believe that CNA's failures to respond to our demand … constitute numerous violations of the Insurance Fair Conduct Act. Without waiving any right to institute a claim under the IFCA … ."). Construing the facts in Cohodas's favor, this suggests that even providing far greater notice than

---

[2] Regardless, the Court doubts that the Washington Supreme Court would read the notice provision in Section 48.30.015(8) of the Revised Code of Washington to categorically bar an IFCA claim on the basis of a policy limits payment, particularly under these facts. To that end, the Washington Court of Appeals has recently described IFCA's purpose as to "to protect the insureds by creating a new remedy for insureds harmed by the unreasonable delay in payment of valid insurance claims and by encouraging insurers to honor their commitments by making it illegal to unreasonably delay or deny legitimate claims." *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500, 515 (Wash. Ct. App. 2022), *review denied*, 523 P.3d 1188 (Wash. 2023).

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION - 4

the twenty days mandated by Section 48.30.015(8) of the Revised Code of Washington had no impact on Continental's intent to cure.

Third, Continental argues that the "Order's analysis of the case law contains errors." Dkt. No. 52 at 5–6. To begin, Continental argues that the cases cited in the Order did not involve "undisputed payment of full policy limits" and therefore, Continental claims their various outcomes cannot support the Order. Dkt. No. 52 at 5. The Court agrees that the cases it cited to demonstrate the varied approaches to IFCA claims involving delayed payments did not *all* involve "undisputed payment of full policy limits," but the Order never claimed they did. *See* Dkt. No. 51 at 8–9. Instead, these cases demonstrated that, under certain circumstances, a delayed payment can amount to a denial of coverage or benefits under the statute. *See Bennett v. Homesite Ins. Co.*, 636 F. Supp. 3d 1267, 1274 (W.D. Wash. 2022) ("So while Homesite ultimately made payment for the loss as determined by the appraisal, there remains a dispute of material fact as to whether it nonetheless violated IFCA by unreasonably refusing to promptly make payment for this or any other covered loss."). Moreover, two of the cases cited by the Court did involve policy limit payments. *See Gochev v. First Am. Prop. & Cas. Ins. Co.*, No. C22-159-MLP, 2023 WL 6290062, at *5–6 (W.D. Wash. Sept. 27, 2023) (noting the insurer paid policy limits and denying the insurer's motion for summary judgment while stating, "[t]his Court has recognized, in the IFCA context, that 'a refusal to pay a demand for coverage reasonably promptly is an unreasonable denial of benefits, even if only temporary'"); *Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2016 WL 3681469, at *19–20 (W.D. Wash. July 6, 2016) (finding a delay in a policy limits payment for personal property unreasonable under IFCA even after payment was made). Thus, the Court properly noted that the cases in this district are split on the issue of whether an IFCA claim can survive where a belated payment is made. It is not manifest error to recognize a

split in authority and choose one side. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (finding no clear error in a district court order resolving a "debatable" question).

Next, Continental argues the Order "puts insurers like Continental in an impossible situation" by encouraging insurers to complete arbitration to demonstrate a "good faith dispute" to show delay in payment was warranted. Dkt. No. 52 at 6. This argument both mischaracterizes the Order and fails to demonstrate "manifest error" that would warrant reconsideration. To be clear, the Order does not require arbitration nor any other formal adjudication of a claim to justify delayed payment. Rather, the Order merely determined that if an insurer seeks to excuse an alleged denial of coverage or benefits by claiming its conduct was caused by a good faith dispute in value, as Continental did here, it is incumbent on the insurer to marshal at least *some evidence* in support of this theory.

Here, the Court rejected Continental's attempt to characterize its 18-month silence in the face of Cohodas's claim as a "good faith dispute over the value of the claim" because Continental provided no evidence at all that such a dispute had occurred. In addition to no arbitration taking place, the Court also observed that "the evidence indicates that Continental's only investigation consisted of an evaluation of Cohodas's medical records, dated" after the policy limits payment, and that "Continental took no action on the claim in response to [Cohodas's] demands," "made no offers," and "did not dispute Cohodas's injuries or demand at any point." Dkt. No. 51 at 3, 10. The lack of arbitration was only one piece of the no-action puzzle.

Accordingly, the Court's Order will not force arbitration where it is not warranted. It simply requires that when an insurer blames its alleged denial of coverage or benefits upon a dispute over value, its claim must be plausibly supported by the record. The decisions cited in the Order provide numerous examples of good faith disputes short of arbitration. *See Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 4017893, at *3–4 (W.D. Wash. Sept. 2, 2022)

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION - 6

(the record reflected hotly contested estimates, refused inspections, and ongoing communication between the insured and insurer); *Country Preferred Ins. Co. v. Hurless*, No. C11-1349RSM, 2012 WL 2367073, at *6 (W.D. Wash. June 21, 2012) (dismissing an IFCA claim only after analyzing extensive evidence showing that the insurer "*reasonably* disputed the amount" (emphasis added)). The Order treads no new ground in that regard.

Finally, Continental attacks the Court's reliance on *Leahy* and *Traulsen*. Dkt. No. 52 at 6. As a federal court applying state law, the Court relied on these Washington state appellate cases to predict how the Washington Supreme Court would decide the question posed by Continental: whether IFCA can apply once a policy limits payment is made. *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (explaining that a federal court applying state law must apply the law as it believes the state's Supreme Court would apply it). In *Leahy*, the Washington Court of Appeals held that an IFCA claim survived summary judgment when there were "genuine issues of material fact whether State Farm's refusal to pay UIM benefits was reasonable[,]" although State Farm had already paid the policy limits. *Leahy v. State Farm Mut. Auto. Ins. Co.*, 418 P.3d 175, at 184–85 (Wash. Ct. App. 2018). In *Traulsen*, the appellate court affirmed a trial court ruling that an insurer's "failure to pay its policy limits after the confirmation of the arbitration award constituted a violation of IFCA as a matter of law[,]" even after the insurer ultimately paid the policy limits. *Traulsen v. Cont'l Divide Ins. Co.*, No. 82507-1-I, 2023 WL 2859337, at *6–9 (Wash. Ct. App. Apr. 10, 2023), *review denied*, 534 P.3d 800 (Wash. 2023). Continental argues that *Leahy* and *Traulsen* do not "contain[] any statement of Washington law interpreting IFCA." Dkt. No. 52 at 6. But the Order did not hold that these decisions definitively interpreted IFCA. Rather, the Court observed that this authority undermines Continental's position that a policy limits payment categorically bars an IFCA claim as a matter of law. Both cases, whether expressly interpreting IFCA or not, allowed IFCA claims to proceed (or succeed) even

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION - 7

after policy limits payments. Continental does not argue the Court's understanding of these cases is incorrect; nor does Continental explain why these cases are not instructive of how the Washington Supreme Court would address the facts presented here.

In sum, the Court did not commit manifest error and the motion for reconsideration is denied.

**B.      The Motion to Certify a Question to the Washington Supreme Court is Denied.**

Federal courts in Washington may certify questions to the Washington Supreme Court:

> When in the opinion of [the] federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

WASH. REV. CODE § 2.60.020. Certification is within the Court's discretion. *See Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *In re Complaint of McLinn,* 744 F.2d 677, 681 (9th Cir. 1984)).

Continental asks the Court to certify the following question to the Washington Supreme Court: "Can a first party claimant be 'denied payment of benefits' under IFCA where the insurance company has paid the full policy limit available to the claimant under the at-issue policy?" Dkt. No. 52 at 7. In response, Cohodas notes the presumption against certification after the federal district court has issued a decision and argues the motion for certification should be denied as untimely. Dkt. No. 56 at 11–12. In reply, Continental cites authority allowing for post-decision

certification and argues the Court should use its discretion to grant such certification here. Dkt. No. 58 at 4–5.

Certification is not appropriate because Continental's question would not dispose of any issue or claim in the case. *See Flores v. Wells Fargo Bank, N.A.*, No. C21-6RSL, 2023 WL 1967262, at *2 (W.D. Wash. Feb. 13, 2023) (denying certification when "it is not clear that the proposed question would be determinative in the instant case"). Continental's question asks about the impact of a policy limits payment on the "denial of payment of benefits" prong of IFCA. But Cohodas's IFCA claim is based on both Continental's alleged denial of coverage *and* denial of benefits. Dkt. No. 12 ¶¶ 3.41–3.64. Regardless of the answer from the Washington Supreme Court on Continental's question, this Court would have to determine, again, whether the payment of policy limits bars relief where a plaintiff has alleged the insurer's conduct amounts to a denial of coverage. Unlike the cases it cites, Continental's question is not dispositive, and the Court therefore denies its request to certify its question to the Washington Supreme Court. *See* Dkt. No. 58 at 4 (citing *Gragg v. Orange CAB Co., Inc.*, No. C12-0576RSL, 2016 WL 4430023, at *2 (W.D. Wash. Apr. 22, 2016) (certifying a question when the court found the matter involved "dispositive issues"); *Allen v. Dameron*, No. C14-1263RSL, 2016 WL 4772484, at *2 (W.D. Wash. Apr. 22, 2016) (same)).

### III.  CONCLUSION

For these reasons, Continental's motion is DENIED. Dkt. No. 52.

Dated this 28th day of May, 2024.

Kymberly K. Evanson
United States District Judge