UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA COHODAS,<br><br>              Plaintiff,<br>   v.<br><br>THE CONTINENTAL INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. C22-1561-KKE<br><br>ORDER FINDING SETTLEMENT REASONABLE |

This matter comes before the Court on Defendant The Continental Insurance Company's ("Continental") unopposed motion for an order finding settlement reasonable under Washington Revised Code Section 4.22.060. Dkt. No. 77. No response or objection was filed.

Before the motion was filed, the Court held a hearing to discuss the non-parties that would be served with notice under the statute and any future evidentiary hearing. Dkt. No. 76. On the record, the parties explained that Continental's former counsel, Forsberg & Umlauf, would be served with the motion, and that, if no response or objection was filed, the parties would rely on the papers submitted with their motion and would not request an evidentiary hearing.

The Court has considered the motion (Dkt. No. 77), declaration of Continental's current counsel and exhibits (Dkt. Nos. 78, 78-1, 78-2), and the remaining record and finds that for the below reasons the parties' settlement is reasonable.

ORDER FINDING SETTLEMENT REASONABLE - 1

## I. ANALYSIS

Washington Revised Code Section 4.22.060(1) provides that

> A party prior to entering into a release, covenant not to sue, covenant not to enforce judgment, or similar agreement with a claimant shall give five days' written notice of such intent to all other parties and the court.…A determination by the court that the amount to be paid is reasonable must be secured.…The burden of proof regarding the reasonableness of the settlement offer shall be on the party requesting the settlement.

WASH. REV. CODE § 4.22.060(1). The statute does not set forth the factors a trial court should consider in a reasonableness hearing. The Washington Supreme Court has explained that the following factors should be considered:

> [T]he releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released.

*Glover v. Tacoma Gen. Hosp.*, 658 P.2d 1230, 1236 (Wash. 1983). Although courts should consider those factors, "no one factor should control." *Id.*

As acknowledged by the parties (Dkt. No. 77 at 12 n.3), this statute is typically invoked when an insured enters a covenant judgment or there are multiple defendants and only some are settling. *See Bird v. Best Plumbing Grp., LLC*, 287 P.3d 551, 555 (Wash. 2012) (en banc). While unusual in this context, and without ruling on how a finding of reasonableness may be relevant in future cases, the Court will entertain the unopposed motion. *Martin v. Johnson*, 170 P.3d 1198, 1201 n.3 (Wash. Ct. App. 2007) (rejecting an argument that this statute only applies in limited contexts).

Here, Continental has agreed to pay Plaintiff $2,500,000 "in exchange for dismissal and release of all of Plaintiff's claims against Continental and its agents with prejudice." Dkt. No. 77 at 11 (citing Dkt. No. 78-2). Each factor favors finding the settlement reasonable.

First, with respect to Plaintiff's damages, Plaintiff's mediation statement argues her damages could exceed $9,000,000, significantly exceeding the settlement amount. Dkt. No. 78 at 1. Continental also acknowledges a judgment in excess of $2,500,000 "is a possibility in this case." Dkt. No. 77 at 12.

Second and third, regarding the parties' legal theories, the Court already denied Continental's motion for partial summary judgment on Plaintiff's Insurance Fair Conduct Act ("IFCA") claim. Dkt. No. 51. While Plaintiff's motion for summary judgment on her remaining claims (Dkt. No. 59) was pending at the time of this settlement, at minimum, Plaintiff's IFCA claim was going to trial.

Fourth, this case did not involve comparative fault or multiple defendants so there are no "relative fault" concerns.

Fifth, the parties agree the risks and expenses of continued litigation would exceed $400,000 per party. Dkt. No. 77 at 14.

The sixth, seventh, and eighth factors all address whether each of the settling parties was properly informed and properly incentivized to reach a reasonable settlement. The record shows Plaintiff was well prepared to take the case to trial, Continental will pay the settlement in full directly, and the settlement amount was reached after extensive arm's length negotiations between the parties. There is no evidence this settlement was the product of bad faith, fraud, or collusion.

Lastly, there are no other parties to this case so there is no concern that this settlement will impact other non-released parties' interests.

For these reasons, each factor favors finding the settlement is reasonable.

## II. CONCLUSION

In sum, Continental's payment of $2,500,000 in settlement of Plaintiff's claims is determined to be reasonable under Washington Revised Code 4.22.060. The Court GRANTS Continental's motion for order finding settlement reasonable. Dkt. No. 77.

Dated this 20th day of September, 2024.

Kymberly K. Evanson
United States District Judge